**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 24 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESUS AZUA, to the use of Eric A. Dupree,<br><br>                Petitioner,<br><br>  v.<br><br>NATIONAL STEEL AND SHIPBUILDING COMPANY; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAM,<br><br>                Respondents. | No. 11-73104<br><br>BRB No. 10-0669<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Benefits Review Board

Argued and Submitted July 8, 2013
Pasadena, California

Before: GRABER, RAWLINSON, and WATFORD, Circuit Judges.

    Petitioner Jesus Azua asserts three challenges to the Benefits Review

Board's ("BRB") order approving an award of attorney's fees to Azua under the

Longshore and Harbor Workers' Compensation Act.  *See* 33 U.S.C. § 928.

---

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Specifically, Azua contends that the administrative law judge ("ALJ") erred in calculating the award by: (1) basing the hourly fee award on a national survey; (2) reducing the award by 20 percent to account for Azua's limited success; and (3) excluding from the award ten of the eighteen hours spent preparing the fee application. This court reviews BRB decisions for abuse of discretion. *Christensen v. Stevedoring Servs. of Am.*, 557 F.3d 1049, 1052 (9th Cir. 2009). We address each of Azua's claims in turn.

The BRB did not abuse its discretion in approving the ALJ's use of national statistics to calculate the appropriate hourly rate for the fee award. The fee applicant has the burden of producing evidence to support the requested award. *Id.* at 1053 (citing *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). The proffered fee evidence must reflect an appropriate rate in the relevant community, which in this case is San Diego. *Id.* The ALJ concluded that Azua failed to produce sufficient evidence to justify the requested rate of $450/hour for Mr. Dupree's legal services. Azua submitted only two exhibits specific to San Diego, neither of which supported a rate of $450/hour. In light of Azua's failure to carry his burden, it was reasonable for the ALJ to consult the national survey submitted by respondent National Steel and Shipbuilding Company. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008). Moreover, the amount ultimately awarded,

$368/hour, falls within the range of rates suggested by Azua's San Diego-specific evidence. In light of the evidence in the record, we cannot conclude the BRB abused its discretion in affirming the ALJ's determination of the appropriate hourly rate for Mr. Dupree's services.

The BRB did not abuse its discretion in affirming the ALJ's decision to reduce the fee award by 20 percent to account for lack of success. As Azua did not prevail on his average weekly wage claim, it was appropriate for the ALJ to reduce the fee award. *See Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). The Supreme Court has made clear that such reductions need not conform to a "precise rule or formula." *Id.* Rather, the district court "may simply reduce the award to account for the limited success," and is entitled to discretion in determining the appropriate reduction. *Id.* at 436–37. As there is no evidence the ALJ abused his discretion here, Azua's second contention is unpersuasive.

Lastly, the BRB did not abuse its discretion in approving the reduction of compensable hours spent on preparing the fee application. There is nothing in the record to suggest that the ALJ abused his discretion in reducing this portion of the award, particularly in light of the ALJ's familiarity with these fee applications. Accordingly, Azua is not entitled to relief on his third contention.

**PETITION DENIED.**